IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH LEE MCGOWAN §<br>  Plaintiff, §<br>§<br>v. §<br>§<br>KIRSTJEN M. NIELSEN, et al., §<br>  Defendants. § | Civil Action No. 3:17-CV-1668-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Judge Lindsay's *Order of Reference*, Doc. 18, and 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management. Now before the Court are Plaintiff's *Request Motion for Default Judgment*, Doc. 13, and Defendants' *Motion to Dismiss*, Doc. 14. As detailed herein, Plaintiff's motion should be **DENIED,** and Defendants' motion should be **GRANTED**.

**A.     Plaintiff's Motion for Default Judgment**

Plaintiff moves for default judgment against Defendant Sue O'Hare on the grounds that she failed to answer or otherwise respond to Plaintiff's Complaint within 60 days of the date she was served with summons. Doc. 13 at 1. Plaintiff avers in his motion that Defendant O'Hare was served on October 10, 2017. Doc. 13 at 1. Sixty days from that date was December 9, 2017 – a Saturday. When the last day of a period falls on a Saturday, Sunday, or legal holiday, Rule 6 of the Federal Rules of Civil Procedure provides that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Thus, Defendant O'Hare had until Monday, December 11, 2017 to answer or respond to Plaintiff's Complaint. *Id.* On that date, Defendant O'Hare joined the other named Defendants in filing the motion to dismiss now before the Court. *See* Doc. 14. Because Defendant O'Hare timely filed a

responsive pleading, there is no basis to grant Plaintiff's motion for default judgment and it should be **DENIED**.

**B.     Defendants' Motion to Dismiss**

Plaintiff filed this action on June 26, 2017, alleging, *inter alia*, discrimination, hostile work environment and whistle blower retaliation against Kirstjen M. Nielsen,[1] Keith Jones, Chad Tetreault, John Sauer, Leslie Hope, Sue O'Hare, Mark Schwartz, and Larry Turner (collectively "Defendants"). Doc. 3. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff was required to effect service on Defendants within 90 days of filing his Complaint, but he failed to do so. *See* FED. R. CIV. P. 4. By Order dated September 28, 2017 (the "September 28 Order"), the Court notified Plaintiff of this failure and directed him to effect service on Defendants by October 27, 2017, or show good cause in writing for his failure to do so by this date. Doc. 5 at 1. The court admonished Plaintiff that failure to effect service or show good cause by this deadline would result in dismissal of his action without prejudice pursuant to Rule 4(m). Doc. 5 at 1.

Plaintiff responded to the September 28 Order on October 26, 2017 (the "October 26 Response"), stating that he did not timely serve Defendants because he thought he needed to wait for the Court's permission to do so. Doc. 10 at 1. He also informed the Court that following the September 28 Order, he mailed "all summons" to Defendants by certified mail. Doc. 10 at 1. Plaintiff stated that he received (and filed) proof of delivery for Defendant O'Hare, the U.S. Attorney for the Northern District of Texas, and the U.S. Attorney General, but "[f]or unknown reasons" he had not received proof of delivery for the remaining Defendants. Doc. 10 at 1.

---

[1] Plaintiff originally filed this lawsuit against the former Secretary of Homeland Security, John F. Kelly. *See* Doc. 3. Accordingly, Kirstjen M. Nielsen, the current Secretary of Homeland Security, is substituted for Mr. Kelly. *See* FED. R. CIV. P. 25(d).

2

Defendants now move to dismiss Plaintiff's claims for, *inter alia*, insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Doc. 15 at 3-5. Specifically, Defendants argue that Plaintiff has failed to show that any Defendants other than Defendant O'Hare received a summons, and note that at least four Defendants, including Defendant O'Hare, were not served with all pages of the Complaint. Doc. 15 at 5. Plaintiff did not file a response in opposition to Defendants' motion.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam). When "a plaintiff fails to serve the defendant properly within [90] days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam); FED. R. CIV. P. 4(m). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). To establish "good cause" the serving party must present some evidence of good faith and "some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (citation and internal quotation marks omitted). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the . . . period for service." *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) (per curiam) (citation omitted).

Here, Plaintiff has failed to carry his burden of establishing that Defendants were validly served or that good cause exists for the failure to serve them. *Sys. Signs Supplies*, 903 F.2d at

3

1013. Regarding Defendants Nielsen, Jones, Tetreault, Sauer, Hope, Schwartz, and Turner, the record is devoid of any indication that Plaintiff has served each of them with a summons and a copy of the Complaint. Furthermore, in his October 26 Response, Plaintiff offers no explanation whatsoever for his failure to effect service of process on these Defendants. *Lambert*, 44 F.3d at 299.

A return of service is filed for Defendant O'Hare. *See* Doc. 11 at 5. However, by a declaration attached to the instant motion, Defendant O'Hare avers under penalty of perjury that Plaintiff only served her with a one-page summons and two pages of allegations related only to the claims against her individually, and that she did not receive a copy of Plaintiff's Complaint allegations directed towards any other Defendants. Doc. 16 at 103-104. Plaintiff has not filed a response in opposition contesting the assertions in O'Hare's declaration, nor otherwise demonstrated good cause or his failure to properly serve Defendant O'Hare with the Complaint. As such, the evidence establishes that service was defective as to Defendant O'Hare. *See* FED. R. CIV. P. 4(c)(1) ("A summons must be served with *a copy of the complaint*.") (emphasis added).

Weighing against a finding of good cause for not effectuating proper service on either Defendant is Plaintiff's apparent lack of diligence. For example, Plaintiff admitted that prior to the September 26 Order, he had not even attempted to serve Defendants. *See* Doc. 10 at 1 ("Once I received the [September 26 Order] I immediately started the process to issue summons."). Moreover, Plaintiff cites only one attempt to serve Defendants, despite the fact that this case has been pending for over a year. *See* Doc. 10 (explaining that he mailed summonses to all Defendants on October 6, 2017); *see also Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *2 (N.D. Tex. Oct. 22, 2004) (Buchmeyer, J.) (finding that plaintiff's two

4

attempts to serve defendants in ten months demonstrated "a complete lack of diligence" and weighed against a finding of good cause).

Because Plaintiff has failed to respond to Defendants' motion to dismiss or demonstrate good cause for his failure to effect proper service, Defendants' motion should be granted and Plaintiff's claims against them dismissed without prejudice. *See Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. May 20, 2013) (Ramirez, J.), *adopted by* 2013 WL 4874115 (N.D. Tex. June 28, 2013) (Lynn, J.) (finding dismissal under Rule 12(b)(5) proper where plaintiffs failed to respond to the dismissal motion or attempt to demonstrate good cause for their failure to effect proper service).

**C.     Conclusion**

For the reasons stated herein, Plaintiff's *Request Motion for Default Judgment*, Doc. 13, should be **DENIED**, Defendants' *Motion to Dismiss*, Doc. 14, should be **GRANTED**, and Plaintiff's claims against all Defendants should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on August 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE